# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AZAD ALI MIZOURY, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:18-cv-00702-AKK-TMP |
| U.S. ATTORNEY GENERAL OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on September 7, 2018, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. Doc. 7. Azad Ali Mizoury ("petitioner") filed objections to the report and recommendation on September 24, 2018. Doc. 10. The government filed a status report on September 21, 2018. Doc. 9.

On May 7, 2018, the petitioner filed his petition, seeking to be released from custody pending his removal to Iraq.[1] Doc. 1. He asserted he had been detained since May 18, 2017, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The government responded that the petitioner's order of removal became final on

---

[1] The petition is dated May 4, 2018, which is the actual date the petition is deemed filed. *See e.g. Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999).

November 17, 2017, and that his removal is likely in the foreseeable future. Doc. 4 at 4. The government argued that because the petition was filed before the expiration of the six month reasonable removal period established by *Zadvydas, supra.*, it was filed prematurely. *Id*. As noted in the report and recommendation, the six month period "must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The petitioner asserts he was not aware of the strict interpretation of the six month period and the court should excuse his early filing because he is proceeding *pro se*. Doc. 10 at 1-2. He further argues that multiple barriers exist preventing his removal within a reasonable time period. *Id*. at 4-5. The respondent notified the court on September 21, 2018, that the flight scheduled for August 2018, which would have removed the petitioner, "was canceled due to logistical issues that were outside of ICE's control." Doc. 9 at 1. However, the government also noted that ICE expects removal to occur within 45 days. *Id*.

As stated above, this Circuit requires the "six-month period … must have *expired* at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052 (emphasis added); *see also Themeus v. U.S. Dept. of Justice*, 643 Fed.App'x 830, 833 (11th Cir. 2016) ("Themeus has not shown that the six-month period described in *Zadvydas* expired at the time the §

2241 petition was filed"); *Gozo v. Napolitano*, 309 Fed.App'x 344, 346 (11th Cir. 2009) ("[B]ecause only 53 days elapsed between the final removal order and the filing of the petition, Gozo's *Zadvydas* claim is premature."); *Mehmood v. Sessions*, 2018 WL 3104457, at *3 (S.D. Fla. May 23, 2018), report and recommendation adopted, 2018 WL 3104402 (S.D. Fla. June 22, 2018) ("Petitioner has filed the instant petition for habeas corpus before the expiration of the presumptively reasonable removal period. Consequently, his petition challenging his continued detention is not ripe for habeas review and should be dismissed.").

Because the petitioner had not been detained for longer than the presumptively reasonable six months at the time he filed his petition, the petitioner's objections are without merit and therefore **OVERRULED**. After a *de novo* consideration of the entire file in this action, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** the 15th day of October, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**ABDUL K. KALLON**
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE